Not using above

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Charles A. Johnson,<br><br>        Plaintiff<br><br>v.<br><br>Carl Arnold,<br><br>        Defendant | Case No.: 2:23-cv-00395-APG-BNW<br><br>**Order Dismissing and Closing Case** |

Plaintiff Charles Johnson brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims led to him being incarcerated at High Desert State Prison.[1] On September 4, 2023, I dismissed Johnson's claims without prejudice and ordered him to file an amended complaint by October 9, 2023.[2] I warned Johnson that the action could be dismissed if he failed to file an amended complaint by that deadline.[3] That deadline expired and Johnson did not file an amended complaint, move for an extension, or otherwise respond. Moreover, according to the Nevada Department of Corrections inmate database, Johnson has been released on parole and is no longer incarcerated. Johnson, however, has not filed his updated address with the court.

**I.   Discussion**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[4] A

---

[1] ECF No. 1-1.

[2] ECF No. 12.

[3] *Id.* at 6.

[4] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

court may dismiss an action based on a party's failure to obey a court order or comply with local rules.[5] In determining whether to dismiss an action on one of these grounds, I must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[6]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of Johnson's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[7] The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires me to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal.[8] Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."[9] Because this action cannot realistically proceed until Johnson files an amended complaint, and litigation cannot progress without a plaintiff's

---

[5] *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order).

[6] *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

[7] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[8] *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002).

[9] *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).

compliance with court orders, the only alternative is to enter a second order setting another deadline. But issuing a second order will only delay the inevitable and further squander the Court's finite resources because Johnson ignored the first order. And without an updated address, the likelihood that a second order would even reach Johnson is low. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

## II.     Conclusion

Having thoroughly considered these dismissal factors, I find that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Charles Johnson's failure to file an amended complaint in compliance with my September 4, 2023, order and for failure to state a claim. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Charles Johnson wishes to pursue his claims, he must file a complaint in a new case and either pay the required filing fee or apply for *in forma pauperis* status.

It is further ordered that Johnson's application to proceed *in forma pauperis* for an inmate (ECF No. 6) is denied as moot.

Dated: October 13, 2023

_____
U.S. District Judge